In the Matter of the Probate of the Will of FANNIE KAUFMAN, Deceased.

Surrogate's Court, Rockland County, July 8, 1946.

*Leo Fassberg* for David Kaufman, petitioner.

*Jacob K. Wexler* for Irving Kaufman and others, objectants.

McKENNA, S.   Fannie Kaufman died a resident of the town of Clarkstown, county of Rockland, State of New York, on the 1st day of December, 1944.   Thereafter and on the 23d day of April, 1945, David Kaufman, husband of the deceased, petitioned this court for the probate of a paper purporting to be her last will and testament.   Thereafter a citation was duly issued thereon returnable the 5th day of June, 1945. All of the persons mentioned in the said citation were duly served with copies thereof except Irving Kaufman.   And thereafter, on the 7th day of June, 1945, a supplemental citation was issued directed to the said Irving Kaufman, which citation was returnable on the 3d day of July, 1945.   The said Irving Kaufman was served with the supplemental citation in the State of Washington where he was stationed as a member of the United States Army, but in view of the difficulty effecting service, the service was not timely and it became necessary to issue a second supplemental citation directed to the said Irving Kaufman which was returnable on the 5th day of September, 1945.   On the return date no one appeared in opposition and the matter was marked for decree.   Subsequently and on or about the 11th day of September, 1945, the said Irving Kaufman appeared through Jacob K. Wexler, Esq., his attorney, and filed certain objections to the probate of the last will and testament of Fannie Kaufman, deceased.

The said Irving Kaufman was a witness to the said will at the time of its execution. Thereafter and on the 26th day of March, 1946, testimony was received in support of the petition for probate and the objections filed to the probate of the paper purporting to be the last will and testament of Fannie Kaufman, deceased. The evidence presented unusual facts. There is no dispute upon the evidence that Irving Kaufman was a witness to the last will and testament of his mother, Fannie Kaufman, deceased. As such subscribing witness and with the intelligence displayed throughout the hearing, the court must conclude that in event his mother did not possess testamentary capacity, or in the event that she was unduly influenced by anyone in the preparation and the execution of her last will and testament, or that the execution was not in accordance with the provisions of section 21 of the Decedent Estate Law, he would not have become a party to the illegality of the execution nor would he have acted as an aid in fostering the undue influence complained of. His position as objectant is most inconsistent with his position as subscribing witness. This dual position seriously affects his credibility.

The physical acts which the law requires for making a valid will are to be found in sections 21 to 23, inclusive, of the Decedent Estate Law. The essentials for valid execution according to the laws of the State of New York are, first, that the instrument must be in writing; second, that it must be signed by the testator " at the end of the will "; third, that the subscription of the testator shall either be made in the presence of each witness or be acknowledged by him to each witness; fourth, that at the time of such subscription or acknowledgment, the testator shall state to each witness that the instrument is his will; fifth, that at least two persons shall act as witnesses to the will; sixth, that each such witness shall sign his name as such " at the end of the will "; and, seventh, that he shall do so at the request of the testator.

In addition to these requirements on the execution, section 10 of the Decedent Estate Law specifies those persons authorized to make a valid will. A testator must have " sufficient capacity to comprehend perfectly the condition of his property, his relations to the persons who were, or should, or might have been the objects of his bounty, and the scope and bearing of the provisions of his will " and " have sufficient active memory to collect in his mind, without prompting, the particulars or elements of the business to be transacted, and to hold them in his mind a sufficient length of time to perceive at least their obvious

relations to each other, and be able to form some rational judgment in relation to them." (*Delafield* v. *Parish*, 25 N. Y. 9, 29.)

The objections filed are not supported by the greater weight of the credible evidence and are accordingly dismissed, and the paper purporting to be the last will and testament of Fannie Kaufman, deceased, is admitted to probate as the last will and testament of Fannie Kaufman, deceased.

Submit decree accordingly and settle on notice.